**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 3:10-bk-01596 |
| | ) | |
| RQB Resort, LP and RQB Development, LP,[1] | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**MOTION FOR ORDER AUTHORIZING THE
DEBTORS TO PAY OPERATOR MONIES FOR
PREPETITION WAGES, PAYROLL TAXES,
COMMISSIONS AND HEALTH BENEFITS TO NON-OFFICER
EMPLOYEES AND REQUEST FOR EMERGENCY HEARING**

RQB Resorts, LP and RQB Development, LP (collectively, the "Debtors"), move the Court, pursuant to 11 U.S.C. §§ 105(a), 363(b) and 507(a)(4), for entry of an order authorizing the Debtors to pay the Resort's hotel Operator, Interstate Management Company LLC ("Interstate"), monies sufficient for Interstate to pay prepetition wages, payroll taxes, commissions and insurance premiums for health benefits due to non-insider Resort employees (the "Motion") and request an emergency hearing on the Motion. In support of the Motion, the Debtors state:

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the

---

[1] RQB Resort, LP's tax identification number is 86-1161952. RQB Development, LP's tax identification number is 13-4322680. The principal address of each debtor is 1000 PGA Tour Boulevard, Ponte Vedra Beach, FL 32082.

Debtors' Chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  On March 1, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code 11 U.S.C. §§101 et seq., as amended (the "Bankruptcy Code"). Information regarding the Debtors, including their business operations, capital and debt structure and the events leading to the filing of these cases is contained in the Case Summary filed with the Court on the Petition Date (D.E. 2).

3.  The Debtors operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors filed a motion requesting that these Chapter 11 cases be jointly administered (D.E. 3). No trustee, examiner or committee has been appointed in these cases.

4.  Pursuant to an agreement dated June 30, 2006 (the "Management Agreement"), among the Debtors and Interstate Management Company, LLC ("Interstate"), Interstate employs management and all other workers at the Resort (collectively, the "Employees"). Under the terms of the Management Agreement, Interstate pays the Employees bi-weekly with funds advanced to Interstate by the Debtors. In addition, Interstate pays its employees at the Resort's Spa commissions based on services rendered and provides health benefits to all Employees. Under the terms of the Management Agreement, Interstate is not required to pay the Employees or provide benefits absent funding of the payroll by the Debtors.

2

5. By this Motion, the Debtors seek entry of an order authorizing them to pay to Interstate monies sufficient to allow Interstate to pay the Resort's Employees all pre-petition wages, commissions, health insurance and other benefits in the ordinary course of business and to continue to honor all pre-petition practices, programs and policies with respect to such Employees.

6. The bi-weekly payroll for all Employees is approximately $500,000. The Employees are paid bi-weekly on an hourly basis, in arrears. The work week begins on Friday and ends on Thursday. Thus, Employees who performed services for the Resort during the two week period from February 19, 2010 to March 4, 2010, are not entitled to receive payment until March 12, 2010. A health insurance premium for the Employees health benefits in the amount of $150,000 will also be due in March.

7. It is critical to the continuation of the Resort's operations that payments to the Employees be made in a timely manner. The Debtors therefore seek authority in their discretion to pay to Interstate on or before March 9, 2010, the approximate sum of $500,000 owed to the Employees for the work performed by them through the Petition Date and $150,000 for the February health insurance premium.

8. Pursuant to Section 507(a)(4) of the Bankruptcy Code, a debtor's employee's claim for "wages, salaries or commissions, including vacation, severance and sick leave pay" earned within 180 days before the Petition Date, are afforded unsecured priority status to the extent of $10,000 per employee. Secured creditors with priority in distribution senior to such priority claims are benefitted from this

payment through the preservation of the Debtors' going concern value. The Debtors have funds on hand in an amount sufficient to pay Interstate who will in turn pay the Employees the requested salaries and benefits.

9.  Furthermore, Section 363(b) of the Bankruptcy Code provides that the debtor in possession, "after notice and hearing, may use, sell or lease other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code further provides that the "court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code."

10.  Any delay in payments to Employees will impact the Debtors relationship with Interstate and the Employees and may irreparably harm employee morale, dedication, confidence and cooperation. The support and effort of the Resort's workforce during the pendency of these Chapter 11 cases is critical to its successful reorganization. At this early stage, the Debtors cannot risk losing the Employees or suffering the substantial damage to their business that would result from any decline in employee morale.

11.  In addition, for many of the Employees, the payments received from Interstate are needed to enable the Employees to meet their own financial obligations. Many of them live week to week. As a result, absent an order granting the relief requested, the Employees and their families are likely to suffer financial difficulties.

12.  The Debtors will give notice of this Motion to: (a) the Office of the United States Trustee for the Middle District of Florida, (b) the Internal Revenue Service, (c) counsel to Goldman Sachs Commercial Mortgage Company (d)

Interstate, and (e) the parties included on each of the Debtors' lists of twenty largest unsecured creditors (including counsel if known).  No other notice is required.

WHEREFORE, the Debtors request that the Court enter an order substantially in the form attached as Exhibit A, (i) authorizing, but not directing the Debtors to fund Interstate with up to $650,000 for its payment of wages, commissions and health insurance premiums for health benefits to the Employees, and (ii) granting such other relief as is appropriate.

Dated:  March 1, 2010.

                                          SMITH HULSEY & BUSEY

                                          By:  */s/ Cynthia C. Jackson*
                                                 Stephen D. Busey
                                                 Cynthia C. Jackson

                                          Florida Bar Number 117790
                                          Florida Bar Number 498882
                                          225 Water Street, Suite 1800
                                          Jacksonville, Florida  32202
                                          (904) 359-7700
                                          (904) 359-7708 (facsimile)
                                          cjackson@smithhulsey.com

                                          Counsel for the Debtors

00691035

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 3:10-bk-01596 |
| RQB Resort, LP and RQB Development, LP,[1] | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO PAY**
**OPERATOR MONIES FOR PREPETITION WAGES, PAYROLL**
**TAXES AND BENEFITS TO NON-OFFICER EMPLOYEES**

These Chapter 11 cases are before the Court on an emergency hearing on the Debtors' Motion for Order Authorizing the Debtors to Pay Operator Monies for Prepetition Wages, Payroll Taxes and Benefits to Non-Officer Employees (D.E. ____) (the "Motion"). Upon consideration of the Motion and having heard argument of counsel, it is

ORDERED**:**

1.    The Motion is granted.

---

[1] RQB Resort, LP's tax identification number is 86-1161952. RQB Development, LP's tax identification number is 13-4322680. The principal address of each debtor is 1000 PGA Tour Boulevard, Ponte Vedra Beach, FL  32082.

2. The Debtors are authorized to advance to Interstate up to $650,000 to pay the Employees[2] all pre-petition wages, commissions, health insurance and other benefits in the ordinary course of business and to continue to honor all pre-petition practices, programs and policies with respect to such Employees.

Dated this _____ day of March, 2010 in Jacksonville, Florida.

_____
United States Bankruptcy Judge

Copies furnished to:

Cynthia C. Jackson who shall serve a copy of this order to all parties on the "Short List" and file a certificate of service.

---

[2] All terms not defined in this order shall have the meaning ascribed to them in the Motion.