# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:  Case No: 3:10-bk-1596
        Chapter 11

RQB RESORT, LP, and
RQB DEVELOPMENT, LP,

_____Debtors._____/

## MOTION OF GOLDMAN SACHS MORTGAGE CORPORATION
## FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Goldman Sachs Mortgage Company ("**GSMC**"), as the senior secured creditor of the Debtors RQB Resort, LP, and RQB Development, LP (the "**Debtors**" or "**Borrowers**"), moves pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2), Federal Rule of Bankruptcy Procedure 4001(a), and other applicable law, for an order granting GSMC relief from the automatic stay to proceed with any and all remedies under the Loan Documents (as defined below), including without limitation, to foreclose on, obtain a judgment with respect to, and sell its Collateral (as defined below).

## PRELIMINARY STATEMENT

1. The resort Property that is the subject of this bankruptcy is worth less than the amount of the debt, and there is clearly no equity in the Property. The Property also fails to generate sufficient revenue to pay necessary debt service, such that it is simply not feasible for the Debtors to fund a plan premised on cash flows from the Property. Notwithstanding these factors, the filing of this case is a continuation of the Debtors' efforts to squeeze equity out of

this Property where no equity exists, and to deprive GSMC of the full value of the collateral, reserving for themselves any future appreciation in the value of the Property.

2. Moreover, the Debtors' own operational projections plainly show that the Debtors will be unable to make their monthly interest payments to GSMC during the course of this bankruptcy or through any proposed plan of reorganization. Accordingly, terminating the automatic stay with respect to the Property is appropriate because there is no equity in the Property and the Property is not necessary to an effective reorganization where the Debtors have not demonstrated that a successful plan of reorganization can be confirmed within a reasonable period of time.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

**A. The Debtors' Chapter 11 Filing.**

4. On March 1, 2010 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The bankruptcy petition was filed a day before a scheduled March 2, 2010 hearing in the Foreclosure Action (as defined below), on the state court's Order to Show Cause as to why the Property should not be foreclosed.

5. The Debtors own or control real and personal properties consisting of a golf resort hotel and beach club with 508 guest rooms and a spa, and commonly known as the Sawgrass Marriott located at 1000 PGA Tour Boulevard, Ponte Vedra Beach, Florida, along with various

2

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

restaurants and retail shops located thereon, as well as six (6) condominiums – numbers 127, 438, 533, 1018, 1038 and 1227 – located at the Grand Cay Villas at Ponte Vedra, Ponte Vedra Beach, Florida (collectively, the "**Property**"). The Property is more particularly described in **Exhibit A** attached to Doc. No. 18.

6. The Debtors' Chapter 11 Case Management Summary (Doc. No. 2) states that the Debtors owe their unsecured trade creditors approximately $2.3 million, and that it owes GSMC approximately $193 million. The Debtors further assert that the Property had a value in excess of the debt as of December 2008 (which GSMC disputes), but do not assert a value as of any date in 2010, although they recognize that the economic recession and the disruption in the debt and equity capital markets have caused a significant downturn in business at the hotel. GSMC contends that the value of the Property has decreased precipitously since December of 2008, and the Debtors do not dispute that revenues have decreased significantly during that period of time.

7. The Debtors' Property is operated and managed by a third party professional management company, Interstate Management Company, LLC ("**Interstate**"), which has a minority equity interest in the Debtors. In its capacity as manager of the Property ("**Manager**"), Interstate collects all revenues, rents, receipts and income from the operation of the Property, and deposits such amounts in the hotel's operating account at Bank of America (as well as a FF&E account) (the "**Hotel Accounts**").

8. Shortly before the petition date (on and after February 18, 2010), the Debtors, in contemplation of this bankruptcy filing, and in violation of the Loan Documents (as defined below) began diverting funds out of the Hotel Accounts into a separate account at Bank of America, under the exclusive control of the Debtors (the "**Debtor Account**"). In order to

3

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

comply with the Loan Documents, Interstate opened up a new agency account at Bank of America, and began to direct deposits into the new account (the "**Interstate Agency Account**," and collectively with the Hotel Accounts and the Debtor Account, the "**Accounts**").

*GSMC's Secured Claim*

9. Debtors are indebted to GSMC pursuant to that certain Renewal Promissory Note dated June 30, 2006, in the original principal amount of up to ONE HUNDRED NINETY-THREE MILLION AND 00/100 DOLLARS ($193,000,000.00), executed and delivered by the Borrowers to Goldman Sachs Commercial Mortgage Capital, L.P., a Delaware limited partnership, (the "**Note**"). A true and correct copy of the Note is attached as **Exhibit C** to Doc. No. 18.

10. The Note was endorsed in favor of GSMC pursuant to that certain Allonge executed by Goldman Sachs Commercial Mortgage Capital, L.P. and dated February 8, 2007. A true and correct copy of the Allonge to the Note is attached as **Exhibit D** to Doc. No. 18.

11. The indebtedness evidenced by the Note is secured or further evidenced by, without limitation, the following:

   (a) Loan Agreement dated as of June 30, 2006 between RQB Resort, LP, and RQB Development, LP, as Borrower, and Goldman Sachs Commercial Mortgage Capital, L.P., as Lender (the "**Loan Agreement**"). A true and correct copy of the Loan Agreement is attached as **Exhibit E** to Doc. No. 18.

   (b) Amended and Restated Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated as of June 30, 2006, executed by the

4

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Borrowers in favor of Goldman Sachs Commercial Mortgage Capital, L.P., and recorded on July 6, 2006 in Official Records Book 2737, at Pages 1834-1863 of the Public Records of St. Johns County, Florida ("**Mortgage and Security Agreements**"), which Mortgage and Security Agreement was assigned by Goldman Sachs Commercial Mortgage Capital, L.P. to GSMC pursuant to that certain Assignment of Amended and Restated Mortgage, Assignment of Rents, Security Agreement and Fixture Filing dated as of February 8, 2007 ("**Mortgage and Security Agreement Assignment**") and recorded on February 13, 2007 in Official Records Book 2866 at Page 528 of the Public Records of St. Johns County, Florida. A true and correct copy of the Mortgage and Security Agreement is attached as **Exhibit F** to Doc. No. 18. A true and correct copy of the Mortgage and Security Agreement Assignment is attached as **Exhibit G** to Doc. No. 18.

(c) Assignment of Leases and Rents dated as of June 30, 2006, executed by the Borrowers in favor of Goldman Sachs Commercial Mortgage Capital, L.P., and recorded on July 6, 2006 in Official Records Book 2737, at Pages 1864-1883 of the Public Records of St. Johns County, Florida ("**Lease Assignment**") on the real and personal properties described in the Mortgage, which Lease Assignment was assigned by Goldman Sachs Commercial Mortgage Capital, L.P. to GSMC, pursuant to that certain Assignment of Assignment of Leases, Rents and Revenues dated as of

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

February 8, 2007 and recorded on February 13, 2007 in Official Records Book 2866, at Page 541 of the Public Records of St. Johns County, Florida ("**Assignment of Lease Assignment**"). A true and correct copy of the Lease Assignment is attached as **Exhibit H** to Doc. No. 18. A true and correct copy of the Assignment of Lease Assignment is attached as **Exhibit I** to Doc. No. 18.

(d) Agreement of Spreader of Mortgage and Assignment of Leases and Rents dated as of March 14, 2007, executed by the Borrowers in favor of GSMC, and recorded on March 19, 2007 in Official Records Book 2885 at Page 1460 of the Public Records of St. Johns County, Florida ("**Spreader Agreement**"). A true and correct copy of the Spreader Agreement, which also includes legal descriptions for the six condominium units located in Grand Cay Villas at Ponte Vedra, St. Johns County, Florida, is attached as **Exhibit J** to Doc. No. 18.

(e) A UCC-1 Financing Statement was recorded on July 6, 2006 in Official Records Book 2737, at Pages 1884-1894 of the Public Records of St. Johns County, Florida and filed on August 14, 2006 as Document Number 200603413399 with the Florida Secured Transaction Registry; and a UCC-1 Financing Statement was filed on January 25, 2007 as Initial Filing # 2007 0332063 (SRV: 070086542) with the Delaware Department of State (collectively, the "**Financing Statements**"). A UCC-3 Assignment was filed on February 2, 2007 as Amendment # 2007 0433051 (SRV:

6

070118134) with the Delaware Department of State (the "**UCC-3 Statement**"). True and correct copies of the Financing Statements and the UCC-3 Statement are attached as Composite **Exhibit K** to Doc. No. 18. The Property together with the assets covered by and described in the Financing Statements and UCC-3 Statement shall be referred to as the "**Collateral.**"

(f) Guaranty dated as of June 30, 2006, executed by Patrick Kelly and Niall McFadden (the "**Guaranty**"). A true and correct copy of the Guaranty is attached as **Exhibit L** to Doc. No. 18.

12. The Note and its Allonge, Original Note and its Allonge, Mortgage and Security Agreement, Mortgage and Security Agreement Assignment, Spreader Agreement, Lease Assignment, Assignment of Lease Assignment, Financing Statements, the UCC-3 Statement, and the Guaranty may sometimes hereinafter be referred to as certain of the "**Loan Documents.**"

13. GSMC owns and holds the Loan Documents.

14. Archon Group, L.P., a Delaware limited partnership ("**Servicer**"), acts as the servicer for GSMC with respect to the Loan Documents and in this role, Servicer, with GSMC, is authorized to enforce the terms of the Loan Documents, including the collection of all amounts due from the Borrowers and others pursuant to the Loan Documents.

*GSMC's Security Interest*

15. Pursuant to the Mortgage and Security Agreement and Financing Statements, GSMC has a perfected, first priority security interest in, without limitation:

> all income, fees, receivables, receipts, *revenues*, deposits..., accounts, cash, issues, profits, charges for services rendered, and

7

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

> other payment and consideration of whatever form or nature received by or paid to or for the account of or benefit of Mortgagor or its agents employed from any and all sources arising from or attributable to the Premises and the Improvements (the "Rents"), now or hereafter affecting the Premises and the Improvements, now or hereafter due or payable for the occupancy or use affecting the Premises and the Improvement . . . .

Mortgage and Security Agreement, at p. 3; Financing Statements, at ¶4 (emphasis added) (the "**Hotel Revenues**"). Pursuant to the Mortgage and Security Agreement and Financing Statements, GSMC's perfected, first priority security interest in Hotel Revenues extends to the proceeds thereof:

> all accounts and proceeds (cash and non-cash), products, offspring, rents and profits from any of the foregoing, including, without limitation, those from the conversion (whether voluntary or involuntary), sale, exchange, transfer, collection, loss, damage, disposition, substitution, or replacement of any of the foregoing.

Mortgage and Security Agreement, at p. 5; Financing Statements, at ¶10.

16. In accordance with Section 679.3151, Florida Statutes, a validly perfected security interest in collateral extends to any identifiable cash proceeds of the collateral. *See* Fla. Stat. § 679.3151(b) ("A security interest attaches to any identifiable proceeds of collateral."). Pursuant to the Mortgage and Security Agreement, and as perfected by the Financing Statements, the Hotel Revenues are GSMC's collateral, and the cash in the Accounts constitutes the identifiable cash proceeds of the Collateral and, therefore, GSMC has a validly perfected security interest in those funds.

17. In violation of the Loan Documents, and disregarding GSMC's security interest, the Debtors swept all funds from the Hotel Accounts on the eve of bankruptcy and transferred them to the new Debtor Account controlled exclusively by the Debtors. These funds, however,

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

are identifiable cash proceeds of the Collateral in which GSMC maintains a validly perfected, first priority security interest and thus represent GSMC's cash collateral.

*Borrowers' Defaults*

18. Borrowers have defaulted under the terms of the Loan Documents, including the Note, by, among other things, failing to pay the monthly installment of interest due on or about July 31, 2009, and each and every one of the monthly installments due thereafter. GSMC notified Borrowers of their default in a letter addressed to Borrowers dated October 14, 2009. A true and correct copy of the letter is attached as **Exhibit M** to Doc. No. 18.

19. By virtue of Borrowers' default, GSMC accelerated all sums due under the Loan Documents. GSMC notified Borrowers of the acceleration in a letter addressed to Borrowers dated December 14, 2009. A true and correct copy of the letter is attached as **Exhibit N** to Doc. No. 18.

20. By virtue of Borrowers' defaults and GSMC's acceleration of all sums due under the Note, as of January 5, 2010, Borrowers owed immediately to GSMC under the Loan Documents, unpaid principal in the amount of $185,373,555.38, together with note rate interest due on principal in the approximate amount of $3,755,009.99, total default interest in the approximate amount of $5,446,725.14, tax and insurance escrows due through February 2010 in the approximate amount of $1,667,306.08, and other charges and expenses, including, but not limited to, legal fees, deferred commitment fee, appraisals, third party reports, title update, and survey expenses totaling $1,077,724.48.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

*Assignment of Rents*

21. By letter dated December 14, 2009, and attached as Exhibit M to Doc. No. 18, Servicer made written demand upon Borrowers pursuant to the Loan Documents to "immediately deliver to Lender all rents, profits and income of the Property that is the subject of the Mortgage." In violation of the Loan Documents and Section 697.07, Florida Statutes, the Borrowers failed to tender to GSMC any rents and rent equivalents received by or paid to or for the account of or benefit of Borrowers from any and all sources arising from or attributable to the Property.

22. By virtue of Section 697.07, Florida Statutes, and the applicable terms of the Loan Documents, the rents derived from any leases on the Property also constitute collateral of GSMC in which GSMC has a perfected security interest.

*The Foreclosure Action*

23. On January 8, 2010, GSMC commenced a foreclosure case against the Debtors, styled as *Goldman Sachs Mortgage Company v. RQB Resort, LP, and RQB Development, LP*, Case No. CA-10-0055, pending in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida (the "**Foreclosure Action**"). A hearing was scheduled in the Foreclosure Action on March 2, 2010, on an Order to Show Cause as to why the Property should not be foreclosed.

24. At all relevant times, GSMC has held and continues to hold a validly perfected, first priority security interest in the Collateral, and any rents or proceeds therefrom, pursuant to the Loan Documents.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

25. On the eve of bankruptcy and in violation of the Loan Documents, the Debtors transferred all the funds in the Hotel Accounts, on which Interstate was a signatory, to the new Debtor Account controlled exclusively by the Debtors. The operating account funds are identifiable cash proceeds of the Collateral in which GSMC has a validly perfected, first priority security interest.

## RELIEF REQUESTED AND BASIS FOR RELIEF

26. GSMC is seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to permit GSMC to pursue the Foreclosure Action. There is no equity in the Property and the Debtors have not demonstrated an ability to effectuate a plan within any reasonable period of time. The Debtors also have not shown how a plan of reorganization might be funded.

### A. Stay Relief is Warranted Pursuant to 11 U.S.C. § 362(d)(2).

27. GSMC seeks stay relief on the grounds that the Debtors lack any equity in the Property and the Property is not necessary to an effective plan of reorganization. Section 362(d) provides, in pertinent part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (d)(2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization; . . .

28. The facts here satisfy the first prong of this test for stay relief because the liens exceed the current value of the Property and, therefore, there is no equity in the Property. *See In*

11

*re Indian Palms Associates, Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995) ("The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value."). In determining lack of equity in conjunction with a motion seeking relief from the automatic stay under Section 362(d)(2), the court "tak[es] into consideration the value of the property and all encumbrances against it." *In re Yanks*, 37 B.R. 394, 398 (Bankr. S.D. Fla. 1984); *In re Hinchliffe*, 164 B.R. 45, 51 (Bankr. E.D. Pa. 1994) ("all liens against the collateral are considered when determining 'equity' under § 362(d)(2)").

29. It is GSMC's well reasoned belief that the value of the Property is less than the amount of debt outstanding under the Note. The outstanding indebtedness due GSMC is over $196 million. Furthermore, there may be additional liens and encumbrances on the Property. Combined, the total liens and encumbrances over the Property is considerably greater than the Property is worth.

30. Once the secured creditor establishes that the debtor has no equity in the property, the debtor has the burden to establish that the subject property is "necessary to an effective reorganization." *See* 11 U.S.C. § 362(g); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988).

31. The circumstances here also satisfy the second prong of the test for stay relief in Section 362(d)(2) because the Property is not necessary to an effective reorganization. "For property to be 'necessary to an effective reorganization,' within the meaning of Section 362(d)(2)(B), the debtor must show that an effective reorganization is even possible." *In re Bellina's Restaurants II, Inc.*, 52 B.R. 509, 512 (Bankr. S.D. Fla. 1985) (granting stay relief

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

where the debtor lacked any equity in the property and the debtor failed to show that an effective reorganization was even possible); *Matter of Sundale Associates, Ltd.*, 11 B.R. 978, 979 (Bankr. S.D. Fla. 1981) (same).

32. To satisfy its burden under Section 362(d)(2), the Debtors must show that there is "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988); *In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir. 1984) ("For property to be 'necessary to an effective reorganization' of the debtor, within the meaning of § 362(d)(2)(B), it must be demonstrated that an effective reorganization is realistically possible."); *see In re Pegasus Agency, Inc.*, 101 F.3d 882, 887 (2d Cir. 1996) ("an effective reorganization cannot be based solely on speculation."). Moreover, indispensability of the property to the debtor's survival and the debtor's mere hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible. *In re Albany Partners, Ltd.*, 749 F.2d 670, 673 n. 7 (11th Cir. 1984); *In re Mikole Developers*, Inc., 14 B.R. 524, 527 (Bankr. E.D. Pa. 1981) ("debtor's high hopes for reorganization or need alone for the property is not the sine qua non under Section 362(d)(2)"); *In re Clark Tech. Assocs.*, Ltd., 9 B.R. 738, 740 (Bankr. D. Conn. 1981) ("If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization.").

33. Although the Debtors' current cash flow may be sufficient to meet their current operational needs, the Debtors have failed to show an ability to service the debt owed GSMC. Even with the Property operating successfully, the Debtors have failed to establish how they will

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

be able to meet the GSMC debt service. The Debtors have thus failed to show that an effective reorganization is possible within any reasonable time period. While the Debtors have paid some lip service to their intent to propose a confirmable plan, the Debtors have not otherwise demonstrated any of the elements of such a plan, or how any such plan might be funded or consummated.

34. Accordingly, stay relief is warranted under section 362(d)(2) of the Bankruptcy Code because the Debtors have not met their burden of proving that a plan of reorganization is reasonably possible within a reasonable period of time, and there is no equity in the Property.

35. GSMC files this Motion without prejudice to its right to seek stay relief on additional grounds at a later date.

WHEREFORE, GSMC respectfully requests entry of an order granting relief from the automatic stay to permit GSMC to proceed with the Foreclosure Action; and granting such other further relief as the Court deems appropriate.

Respectfully submitted this 7th day of April, 2010.

> GREENBERG TRAURIG, P.A.
> *Counsel for Goldman Sachs Mortgage Company*
> 1221 Brickell Avenue
> Miami, FL 33131
> Telephone: 305-579-0868
>
> By: _____
> JOHN B. HUTTON
> Florida Bar No. 902160
> huttonj@gtlaw.com
> SCOTT M. GROSSMAN
> Florida Bar No. 0176702
> grossmansm@gtlaw.com
> ARI NEWMAN
> Florida Bar No. 56575
> newmanar@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7th, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
JOHN B. HUTTON

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Miriam G. Suarez
United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

John J. Wolfel Jr
PO Box 240
Jacksonville, FL 32201-0240

Betsy C Cox
Rogers Towers
1301 Riverplace Boulevard
Suite 1500
Jacksonville, FL 32207-1811

Gardner F. Davis
Foley & Lardner LLP
Post Office Box 240
Jacksonville, FL 32201-0240

**Manual Notice List**

RQB Resort, LP
1000 PGA Tour Blvd.
Ponte Vedra Beach, FL 32082-3036

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Interstate Hotel & Resort Inc.
4501 N. Fairfax Dr.
Arlington VA 22203

Marriott International Inc.
13682 Collection Center Dr.
Chicago IL 60693

Beaches Energy Services
P.O. Box 51389
Jacksonville Beach FL 32240

Jones Lang LaSalle Americas
153 Easst 53rd Street
33rd Floor
New York NY 10022

Carey Jax - A#852011
5320 Springfield Blvd.
Jacksonville FL 32208

Chase Merchant Services
P.O. Box 407172
Fort Lauderdale FL 33340

Sawgrass Country Club
10034 Golf Club Drive
Ponte Vedra Beac FL 32082

St. Johns County Utility Dept. St.
P.O. Box 1988
Saint Augustine FL 32085

Ibahn
P.O. Box 51259
Los Angeles CA 90051

Sawyer/Mobile Gas
98 S. Penman Rd.
Jacksonville Bea FL 32250

Cendyn
1515 North Federal Highway
Suite 419
Boca Raton FL 33432

Edward Don & Company
2562 Paysphere Circle
Chicago IL 60674

Marsh Landing Country Club
25655 Marsh Landing Parkway
Ponte Vedra Beac FL 32082

AVI Rental Services Division
P.O. Box 62257
Baltimore MD 21264

Seaboard Waste Systems
P.O. Box 9001099
Louisville KY 40290

Produce Distribution Center
2280 West 21st Street
Jacksonville FL 32209

J C Stanford & Son, Inc.
5666 Summerall Road
Jacksonville FL 32216

Lodge Net
3900 W. Innovation St.
Sioux Falls SD 57107

Copytronics Inc.
2461 Rolac Road
Jacksonville FL 32207

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com