# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

RQB RESORT, LP, and
RQB DEVELOPMENT, LP,

_____Debtors._____/

Case No: 3:10-bk-1596

Chapter   11

Jointly Administered

## GOLDMAN SACHS MORTGAGE COMPANY'S
## EMERGENCY MOTION FOR PROTECTIVE ORDER

### *(EMERGENCY HEARING REQUESTED on or before July 6, 2010)*

Goldman Sachs Mortgage Company ("GSMC"), as the senior secured creditor of the

Debtors RQB Resort, LP and RQB Development, LP (the "Debtors" or "Borrowers"), pursuant

to Federal Rules of Bankruptcy Procedure 7026 and 7030 and other applicable law, moves for an

order prohibiting the Debtors from proceeding with the Rule 30(b)(6) deposition of GSMC on

certain of the testimony areas detailed in the Notice of Deposition ("Notice"), which is dated

June 23, 2010 and schedules the deposition for Wednesday July 7, 2010.

### PRELIMINARY STATEMENT

1.     On June 23, 2010, the Debtors unilaterally served the Notice, which purports to

schedule for July 7, 2010 the deposition of a GSMC corporate representative to testify primarily

about certain specified topics concerning GSMC's presumed internal valuations of the Loan.[1]  A

true and correct copy of the Notice is attached hereto as **Exhibit "A."**  Although not stated

expressly in the Notice, the Debtors presumably seek this deposition in connection with their

pending Motion to Value Secured Claim of GSMC (D.E. 166) (the "Motion to Value"). which is

---

[1] For purposes of this Emergency Motion for Protective Order, "Loan" is defined as that certain $193,000,000.00 Renewal Promissory Note dated June 30, 2006, and any and all loan documents referencing, supporting or securing that Renewal Promissory Note.

to be set for hearing during late August 2010. At the hearing on the Motion for Stay Relief, this Court admitted into evidence the HVS Appraisal. The Debtors did not seek to introduce a competing appraisal into evidence, and the Debtors agreed that there was no equity in the Property. Now, however, the Debtors seek highly confidential and proprietary information from GSMC that simply has no relevance to – and would be inadmissible at the hearing on – the Motion to Value.

2.     The Debtors detailed the following testimony areas or topics in the Notice:

    (i)    the net realizable value of the Loan as reflected in GSMC's books and records;

    (ii)    the value GSMC expects to recover on the Loan as reflected in GSMC's book and records;

    (iii)    each value GSMC has ascribed for the Mortgaged Property and/or the Loan since the Loan's inception and for each change, adjustment or write down impacting the value, the date of the change and the reason for the change;

    (iv)    all reserves, charge-offs, write-downs and other adjustments to the book value of the Loan;

    (v)    the internal policies, methods, accounting policies, or other applicable standards GSMC relied upon in establishing the value of the Mortgaged Property and/or the Loan; and

    (vi)    the information included in the two Proofs of Claim filed by GSMC (claim number 40 filed in the RQB Resort, LP case, and claim number 20 filed in the RQB Development, LP case).

3.     GSMC objects to categories (i) through (v) of the Notice, insofar as the Debtors seek testimony regarding the value of the *Loan* as opposed to the value of the *Mortgaged Property*. As to testimony regarding the value of the Mortgaged Property, GSMC has obtained an appraisal that was admitted into evidence at the June 21st hearing, and does not itself intend to provide any testimony as to the value of the Mortgaged Property. Nevertheless, to the extent the

2

Court deems such testimony at all relevant, GSMC objects to the scope of the request, in that it seeks "each value GSMC has ascribed for the Mortgaged Property . . . since the Loan's inception," an overly broad and unduly burdensome four year historical period, as to which the Debtors' themselves have objected and have refused to provide any information or documents. At most, the scope of the request should be limited to the *current value* of the Mortgaged Property, which is more than what the Debtors have provided in their discovery responses. As for the testimony sought in category (vi), the Debtors have not objected to the proof of claims filed by GSMC, and it is not clear why they need such testimony at this time. As explained in the proof of claims, the value ascribed to the Mortgaged Property in the proof of claims is based upon the HVS appraisal admitted into evidence at the June 21st hearing. Unless the Debtors establish some need for testimony as to the proof of claims for purposes of the hearing on the Motion to Value, GSMC objects to such testimony at this time, in the absence of any contested matter regarding the proof of claims.

4.     As set forth in GSMC's Motion for Relief From Automatic Stay (D.E. 90) ("Motion for Stay Relief") and as established by the parties' stipulation before and during the hearing on the Motion for Stay Relief on Monday June 21, 2010, the Property[2] that is the subject of these Bankruptcy Cases (as defined herein) is worth less than the amount of the debt, and there is no equity in the Property.

5.     As set forth below more fully, the "why," "how" or "in what amount" GSMC may have valued the Loan (versus how it values the Property) on its internal, proprietary books and records is irrelevant to the Debtors' Motion to Value or the bankruptcy proceedings

---

[2] The property that is the subject of these Bankruptcy Cases consists of a golf resort hotel and beach club with 508 guest rooms and a spa, and commonly known as the Sawgrass Marriott located at 1000 PGA Tour Boulevard, Ponte Vedra Beach, Florida, along with various restaurants and retail shops located thereon, as well as six (6) condominiums – numbers 127, 438, 533, 1018, 1038 and 1227 – located at the Grand Cay Villas at Ponte Vedra, Ponte Vedra Beach, Florida (the "Property").

3

generally. The Debtors' Motion to Value, as it should, focuses not on GSMC's presumed internal Loan valuations, but on the as-is fair market value of the Property.[3] In fact, the Debtors' Motion to Value states expressly: "In order to confirm a plan of reorganization in these cases, the Debtors request the Court to determine what portion of Goldman Sachs' $195 million claims are secured. Pursuant to Section 506(a) of the Bankruptcy Code, a claim is secured *to the extent of the value of the collateral* securing the claim." (Emphasis added.) By Debtors' own admission and pursuant to the Bankruptcy Code, the only valuation that is relevant is the valuation of the collateral -- the Property.

6.     The Debtors' Notice pursues irrelevant and inadmissible testimony relating to the value of the Loan instead of the value of the Property. It also seeks GSMC to testify about highly confidential and proprietary information, including "internal policies, methods, accounting policies or other applicable standards." None of these internal, proprietary Loan valuation calculations or ideas supports, impacts or affects in any way the admissible evidence that the Debtors must attempt to introduce in support of their Motion to Value, which is evidence of the value of the Property.

7.     Moreover, the Debtors prematurely and harassingly are seeking GSMC's testimony. As of the date of serving their Notice and through the date of filing this Motion for Protective Order, the Debtors have not finalized and delivered to GSMC the Debtors' appraisal of the Property, notwithstanding the fact that the Debtors obtained entry of the Order

---

[3] In addition to the Loan valuation testimony, the Debtors seek GSMC to testify about the information set forth in their two proofs of claims filed in these Bankruptcy Cases. Debtors know that the information contained in the two proof of claims, and the amounts attributed to both the secured and unsecured portions of the Claims, was derived directly from the HVS Appraisal. The amounts mirror those devised by the expert appraiser, whose Appraisal was admitted into evidence during the June 21, 2010 hearing on GSMC's Motion for Stay Relief. While appropriately tailored discovery with respect to a proof of claim would be generally permissible when there is a pending objection to claim, here the Debtors have not objected to the proof of claims and there is no pending contested matter with respect thereto as to which the Debtors may properly take appropriately tailored discovery.

4

Authorizing Employment of CB Richard Ellis Group, Inc. as Appraiser for Debtors almost two months ago on April 29, 2010 (D.E. 130).

8.      The Debtors already have the relevant information they seek again through the Notice. GSMC provided the Appraisal[4] of the Property to the Debtors on June 7, 2010, and provided the Debtors with copies of more than 1,800 pages of documents that HVS Consulting and Valuation Services ("HVS") reviewed and relied upon to develop the Appraisal. GSMC also identified HVS's Anne Lloyd-Jones as a testifying witness for the June 21, 2010 hearing on the Motion for Stay Relief and coordinated to make Ms. Lloyd-Jones available for her deposition on June 17, 2010. Further, in response to GSMC's written discovery requests, the Debtors identified the Appraisal as the only document that the Debtors were aware of that related to the value of the Debtors' Property.

9.      Accordingly, based upon the reasons set forth below, the Court should enter an order prohibiting the Debtors from proceeding with the deposition of GSMC on certain of the categories as requested in the Notice, and specifically prohibiting the Debtors from inquiring about any information, internal policies, books, records, methods, accounting policies or other applicable standards concerning GSMC's internal valuations of the Loan, as well as prohibiting the Debtors from inquiring about historical values ascribed to the Mortgaged Property by GSMC over a four year period, discovery that the Debtors themselves have asserted is overly broad and unduly burdensome.

### FACTUAL BACKGROUND

10.     On March 1, 2010 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code, thereby commencing these Chapter 11 cases

---

[4] "Appraisal" is defined as the Self-Contained Appraisal Report for the Marriott Sawgrass Golf Resort & Spa prepared by HVS Consulting and Valuation Services dated June 7, 2010, and which the Court admitted into evidence during the hearing on the Motion for Stay Relief.

5

(the "Bankruptcy Cases"). The Debtors are operating their businesses as debtors and debtors in possession pursuant to Sections 1107 and 1008 of the Bankruptcy Code, through a hotel management company, Interstate Management Company, LLC ("Interstate"), which is an insider of the Debtors.

11.    On May 20, 2010, GSMC's counsel received by e-mail a First Set of Interrogatories and Request for Production of Documents to GSMC (the "Interrogatories and Requests") from the Debtors' counsel.[5] The Interrogatories and Requests sought information for the first time relating to the value of the subject Loan, any changes in the value of the Loan, and the rationale for those changes in the value of the Loan. GSMC timely objected to the discovery of this information in its written responses and objections to the Interrogatories and Requests served upon the Debtors.

12.    On June 8, 2010, the Debtors served a Notice of Deposition purporting to schedule for June 17, 2010 (prior to the hearing on the Motion for Stay Relief) the deposition of a GSMC corporate representative to testify about certain specified topics focusing on GSMC's internal valuation of the Loan.

13.    GSMC again timely objected to the discovery of this information. On June 9, 2010, GSMC's counsel informed the Debtors' counsel that GSMC objected to the testimony sought by the Debtors because, *inter alia*, it was not relevant to the Motion for Stay Relief. Thereafter, yet prior to the hearing on the Motion for Stay Relief, the parties agreed to the admission into evidence of the Appraisal and agreed to dispense with the HVS deposition and the GSMC deposition, and HVS's testimony at the hearing. The Debtors agreed that there was

---

[5] Although the Debtors' Interrogatories and Requests indicate that they were e-mailed to GSMC's counsel on May 12, 2010, GSMC's counsel did not receive the Interrogatories and Requests by e-mail or any other method on that date. GSMC's counsel did not learn of the Interrogatories and Requests until May 20, 2010 during a telephone conversation with the Debtors' counsel. On the same date, the Debtors' counsel sent a copy of the Interrogatories and Requests to GSMC's counsel by e-mail.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

no equity in the Property and they stipulated to that at the June 21, 2010 hearing on the Motion for Stay Relief.

14.     On June 17, 2010, the Debtors filed their Motion to Value, which relates solely to the valuation of the Property. Notwithstanding, on June 23, 2010 the Debtors served their deposition Notice, again seeking most of the same irrelevant and highly confidential and proprietary information that they sought prior to the hearing on the Motion for Stay Relief, and to which GSMC objected.

## LEGAL ARGUMENT

### GSMC Does Not Object Generally to Discovery With Respect to the Valuation Asserted in its Proofs of Claim

15.     As an initial matter, GSMC notes that it does not object generally to producing a Rule 30(b)(6) witness to testify as to the information included in the two proof of claims filed by GSMC, provided that such discovery does not seek confidential or proprietary information and is otherwise within the scope of permissible discovery with respect to the contested matter initiated by the Debtors' Motion to Value. But the Debtors have not objected to the proof of claims, and as set forth in footnote 3 *supra*, the amounts attributed to both the secured and unsecured portions of the Claims were derived directly from the Appraisal. As such, GSMC submits that Anne Lloyd-Jones of HVS – and not any corporate representative of GSMC – would be the more appropriate witness to testify in response to this area of inquiry.

### The Debtors Seek Value of Loan Information That is Irrelevant and Not Discoverable

16.     As stipulated between the parties, the Property is worth less than the amount of the debt, and there is no equity in the Property.

17.     The issue raised by the Motion to Value involves only the value of the Property, and not GSMC's internal value of the Loan. GSMC has delivered its Appraisal of

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

the Property to the Debtors. GSMC has identified and made available for deposition its Appraisal expert for the Debtors. GSMC introduced and the Court admitted the Appraisal into evidence at the Motion for Stay Relief hearing.

18.     The value of the Property -- the collateral -- is not the same as the value of the Loan secured by the Property. In valuing any loan for internal purposes, GSMC or any other lender may consider the filing of foreclosure litigation, the filing of a bankruptcy case, changing interest rates, overall economic conditions and other market factors that have no relation to the value of the subject property and thus, no relevance to these Debtors' Motion to Value.

19.     Nonetheless, the Debtors continue to seek discovery of the value assumedly ascribed to the Loan by GSMC in its internal books and records, which discovery is irrelevant and burdensome, and requests GSMC to produce highly confidential and proprietary information.

20.     Where a creditor has purchased a defaulting loan for a discounted price, the discounting of the loan -- and the discounted price -- is not relevant to a motion for relief from automatic stay or bankruptcy proceedings generally, because the discounted purchase by the creditor does not impact or affect the nature of the debtor's obligation. *See In re Fairfield Executive Associates*, 161 B.R. 595, 598 (D. N.J. 1993) ("[t]he bankruptcy court rejected this argument [that the creditor's claim should be limited to the discounted purchase price], holding that the fact that [lender] Hyperion purchased the loan at a discount did not change the nature of the Debtor's obligation").

21.     Similarly, GSMC's discounting or other treatment of the value of the Loan on its internal books and records either prior to or after the default by the Debtors, or before or

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

after the Petition Date of the Bankruptcy Cases, does not affect or change the nature of the Debtors' obligation under the Loan. Simply put, the Debtors obligated themselves for the full amount of the Loan, regardless of the valuation placed internally on the Loan by GSMC.

22. By seeking the testimony designated in the Notice, the Debtors seemingly are attempting to "bottom line" GSMC's claim in these proceedings. However, GSMC's "bottom line" for the valuation of its Loan is not "appropriate for discovery" by the Debtors. "As long as each prospective purchaser has equal access to the information pertinent to a valuation of the property, I do not believe that one party's bottom line is appropriate for discovery by the other party." *See* Letter Ruling Dated November 6, 2003 with Respect to Discovery Dispute, *In re Seitel, Inc.*, Case No. 03-12227 (PJW) (Bankr. Del. July 21, 2003) ("*Seitel Ruling*"), a copy of which is attached hereto as **Exhibit "B."** "If this type of information were required to be disclosed, then the next logical step in discovery would be that the respective bidders['] internal deliberations (be they board of directors meetings, conferences with advisors, employee internal reports and analyses, etc.) would be fair game for discovery." *Seitel Ruling*, p. 2. ""Indeed, a Machiavellian response to this type of unlimited discovery could result in the creation of internal phony analyses (i.e., analyses designed to mislead the opposition upon discovery of same)." *Id.* Furthermore, Judge Peter J. Walsh noted that, by analogy with the attorney-work product rule, such information should not be discoverable "[s]o long as both parties have equal access to the relevant underlying facts." *Id.* at 3.

23. Moreover, the value assumedly ascribed to the Loan by GSMC does not provide an appropriate basis for the classification of GSMC's Claims in these Bankruptcy Cases. *In re Fairfield Executive Associates,* at 602 (finding that "the subjective anticipation of payment on the part of the creditor does not provide an appropriate basis for a classification scheme" and that

9

"[s]uch an approach would improperly focus on the motives and agenda of the claim holder rather than on the nature of the underlying claim").

24.     For the reasons set forth herein, the discovery sought by the Debtors as to GSMC's internal valuation of the Loan is not relevant to issues raised by the Motion to Value and, to the extent that the Debtors seek this discovery for purposes of classifying GSMC's claim, such discovery is both irrelevant and inappropriate. *See id.* ("[t]he court therefore determined that the discovery sought by [debtor] Fairfield [as to the discounted amount paid for the loan] was not relevant to the issues raised by [lender] Hyperion's motion for stay relief and *denied the discovery application.*" (emphasis added)).

**The Debtors Seek Value of Loan Information That is Highly Confidential and Proprietary**

25.     Not only is the testimony sought by the Debtors in the Notice irrelevant, but also the internal methods and procedures used by GSMC to value the Loan constitute highly confidential and proprietary information. *See e.g., Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F. Supp. 651, 655 (M.D. Fla. 1992) (finding that financial records, including the status of certain loans, accounting methods with respect to loans and detailed management practices and plans as to loans, was confidential and proprietary information sufficient to satisfy one of the prongs for disqualification of an attorney). *See also AutoNation, Inc. v. O'Brien*, 347 F. Supp. 2d 1299, 1306 (S.D. Fla. 2004) (finding that financial and business-related analyses, research, forecasts and trends were confidential and proprietary information in the context of the enforcement of a non-compete clause). Accordingly, GSMC should not be required to divulge its confidential and proprietary information, especially because such information has no relevance to the issues raised by the Motion to Value or these bankruptcy proceedings generally.

10

**Historical Valuations of the Property are Not Relevant**

26.     As to testimony regarding the value of the Mortgaged Property, GSMC has obtained an appraisal that was admitted into evidence at the June 21st hearing, and does not itself intend to provide any testimony as to the value of the Mortgaged Property. Nevertheless, to the extent the Court deems such testimony at all relevant, GSMC objects to the scope of the request, in that it seeks "each value GSMC has ascribed for the Mortgaged Property . . . since the Loan's inception," an overly broad and unduly burdensome four year historical period. At most, the scope of the request should be limited to the *current value* of the Mortgaged Property, which is more than what the Debtors have provided in their discovery responses.

27.     While there appears to be a split in the case law as to whether collateral is to be valued at the petition date, *see, e.g., In re Beard*, 108 B.R. 322, 324-27 (Bankr. N.D.Ala.1989), or as of the plan confirmation date, *see, e.g., Matter of Seip*, 116 B.R. 709, 711 (Bankr. D. Neb. 1990), in either case, the Debtors' requests for historical valuations of the Property on GSMC's books is irrelevant to the Motion to Value, in addition to being unduly burdensome on GSMC. Whether the collateral is valued as of the Petition Date, or as of the date the Debtor may seek to confirm a Chapter 11 plan, any historical valuation by GSMC, over a broad four year period, is way beyond the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1), and is not reasonably calculated to lead to the discovery of admissible evidence as to the value of the Property either on the Petition Date or the date the Debtor may seek to confirm a Chapter 11 plan.

28.     Moreover, the Debtors themselves have objected to the providing historical valuations of the Mortgaged Property in their responses to GSMC's discovery requests, asserting that such discovery is "overly broad and unduly burdensome." In response to GSMC's

11

document request seeking documents "relating or referring to the value of the Property," the Debtors served their Objections and Responses, a copy of which is attached hereto as **Exhibit "C,"** asserting that such discovery is "overly broad and unduly burdensome, and *to the extent not relating to the current value of the Property*, it is not likely to lead to the discovery of admissible evidence." (emphasis added). The only document the Debtors identified in response to this request is the HVS Appraisal, admitted into evidence at the June 21st hearing. The Debtors did not otherwise produce *any* documents in response to this request. The Debtors should not now be permitted to conduct discovery into historical values that they themselves have identified as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

WHEREFORE, Goldman Sachs Mortgage Company respectfully requests the entry of an Order (a) prohibiting the Debtors RQB Resort, LP and RQB Development, LP from proceeding with the deposition of a corporate representative of Goldman Sachs Mortgage Company as set forth in the Notice of Deposition dated June 23, 2010, (b) specifically prohibiting the Debtors from inquiring about any information, internal policies, books, records, methods, accounting policies or other applicable standards concerning GSMC's internal valuations of the Loan, and (c) granting such other and further relief as the Court deems just and proper.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Respectfully submitted this 29th day of June, 2010.

GREENBERG TRAURIG, P.A.
*Counsel for Goldman Sachs Mortgage Company*
1221 Brickell Avenue
Miami, FL 33131
Telephone: 305-579-0868

By: _____
JOHN B. HUTTON
Florida Bar No. 902160
huttonj@gtlaw.com
SCOTT M. GROSSMAN
Florida Bar No. 0176702
grossmansm@gtlaw.com
ARI NEWMAN
Florida Bar No. 56575
newmanar@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29th, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
JOHN B. HUTTON

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Label Matrix for local noticing
113A-3
Case 3:10-bk-01596-PMG
Middle District of Florida
Jacksonville
Mon Jun 28 16:17:11 EDT 2010

Carey Jax - A#852011
5320 Springfield Blvd.
Jacksonville, FL 32208-5137

Copytronics Inc.
2461 Rolac Road
Jacksonville, FL 32207-1705

Ibahn
P.O. Box 51259
Los Angeles, CA 90051-5559

J C Stanford & Son, Inc.
5666 Summerall Road
Jacksonville, FL 32216-5902

Jones Lang LaSalle Americas
153 East 53rd Street, 33rd Fl.
New York, NY 10022-4649

Marriott International, Inc.
c/o Foley & Lardner LLP
Gardner Davis, Esq.
P.O. Box 240
Jacksonville, FL 32201-0240

Produce Distribution Center
2280 West 21st Street
Jacksonville, FL 32209

Seaboard Waste System
P.O. Box 9001099
Louisville, KY 40290-1099

AVI Rental Services Divison
P.O. Box 62257
Baltimore. MD 21264-2257

Cendyn
1515 North Federal Highway
Suite 419
Boca Raton, FL 33432-1954

Edward Don & Company
2562 Paysphere Circle
Chicago, IL 60674-0025

Interstate Hotel & Resort Inc.
4501 N. Fairfax Dr.
Arlington, VA 22203-1656

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202-4494

Lodge Net
3900 W. Innovation St.
Sioux Falls, SD 57107-7002

Marsh Landing Country Club
25655 Marsh Landing Parkway
Ponte Vedra Beach, FL 32082-1938

Sawgrass Country Club
10034 Golf Club Drive
Ponte Vedra Beach, FL 32082-3562

St. Johns County Utility Dept.
P.O. Box 1988
St. Augustine, FL 32085-1988

Beaches Energy Services
P.O. Box 51389
Jacksonville Beach, FL 32240-1389

Chase Merchant Services
P.O. Box 407172
Fort Lauderdale, FL 33340

Goldman Sachs Commercial Mortgage Company
c/o John B. Hutton, III, Esq.
1221 Brickell Avenue
Miami, FL 33131-3224

Interstate Hotels & Resorts Inc.
c/o Alan M. Weiss, Esq.
Holland & Knight LLP
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202-3622

John B. Hutton, Esq.
Ari Newman, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131-3238

Marriott International Inc.
13682 Collection Center Dr.
Chicago, IL 60693-0001

PGA Tour, Inc.
c/o Betsy C. Cox, Atty.
Rogers Towers, P.A.
1301 Riverplace Blvd.,Suite 1500
Jacksonville, FL 32207-1811

Sawyer/Mobile Gas
98 S. Penman Road
Jacksonville Beach, FL 32250-3457

United States Trustee - JAX 11
135 W Central Blvd, Suite 620
Orlando, FL 32801-2440

End of Label Matrix
Mailable recipients    26
Bypassed recipients     0
Total                  26

## SMITH HULSEY & BUSEY

### FACSIMILE TRANSMITTAL SHEET

**FILE NO:**    **12565.026403**

**DATE:**    **June 23, 2010**

**TO:**    **John Hutton**
    **(305) 961-5788**    **Facsimile**
    **(305) 579-0788**    **Telphone**

**FROM:**    **Cynthia C. Jackson**

**RE:**

**NUMBER OF PAGES SENT:**    **5**  , **including cover page**

SPECIAL INSTRUCTIONS:

IF YOU DO NOT RECEIVE ALL PAGES AS INDICATED, PLEASE CALL LUCY AT (904) 359-7801.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank You.

00359034



EXHIBIT

A

**ATTORNEYS**
225 Water Street, Suite 1800 • P. O. Box 53315 • Jacksonville, Florida 32202
Office 904-359-7700 • Fax 904-359-7708

# SMITH HULSEY & BUSEY

CYNTHIA C. JACKSON
DIRECT 904.359.7731
CJACKSON@SMITHHULSEY.COM

June 23, 2010

John Hutton
Greenberg Traurig, P.A.
1221 Brickell Ave., 27th Fl.
Miami, FL 33131

RE:     In re: RQB Resort, LP and RQB Development, LP, United States Bankruptcy
        Court, Middle District of Florida, Jacksonville Division, Case No. 3:10-bk-01596,
        Chapter 11

Dear John:

    Enclosed is a Rule 30(b)(6) Deposition Notice for Goldman Sachs Mortgage Company.
We set the deposition for July 7 but will change the date to another date (reasonably close to July
7), if the witness is not available on the 7th.

                                    Very truly yours,

                                    Cyndi

                                    Cynthia C. Jackson

CCJ/lt/00710456
Enclosure

By Facsimile and First Class Mail

c:     Scott Grossman
       Stephen D. Busey

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 3:10-bk-01596 |
| RQB Resort, LP and RQB Development, LP,[1] | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

## NOTICE OF DEPOSITION

Please take notice that beginning at 9:00 a.m. on July 7, 2010, RQB Resort, LP and RQB Development, LP (the "Debtors"), will take the deposition of a representative of Goldman Sachs Mortgage Company ("Goldman Sachs"), at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, before an officer authorized by law to take depositions. The deposition will be recorded by a stenographer. This deposition is being taken for discovery purposes, for use at hearing or trial, and shall continue from day to day until completed.

Pursuant to Rule 7030(b)(6), Federal Rules of Bankruptcy Procedure, Goldman Sachs is required to designate one or more persons to testify with particularity on its behalf about information known or reasonably available to Goldman Sachs about (i) the net realizable value of the Loan as reflected in Goldman Sachs' books and records, (ii) the value Goldman Sachs expects to recover on the Loan as reflected in Goldman Sachs' books and records, (iii) each value Goldman Sachs has ascribed for the Mortgaged

---

[1] RQB Resort, LP's tax identification number is 86-1161952. RQB Development, LP's tax identification number is 13-4322680. The principal address of each debtor is 1000 PGA Tour Boulevard, Ponte Vedra Beach, FL 32082.

Property and/or the Loan since the Loan's inception and for each change, adjustment or write down impacting the value, the date of the change and the reason for the change, (iv) all reserves, charge-offs, write-downs and other adjustments to the book value of the Loan, (v) the internal policies, methods, accounting policies or other applicable standards Goldman Sachs relied upon in establishing the value of the Mortgaged Property and/or the Loan, and (vi) the information included in proof of claim number 40 filed in the RQB Resort, LP case (Case No. 10-01596)[2] and proof of claim number 23 filed in the RQB Development, LP case (Case No. 10-01599).

Dated:  June 23, 2010

SMITH HULSEY & BUSEY

By:  _Cynthia C. Jackson_
Stephen D. Busey
Cynthia C. Jackson

Florida Bar Number 117790
Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (Facsimile)
cjackson@smithhulsey.com

Counsel for the Debtors

---

[2] Capitalized terms not defined in this Notice of Deposition have the meaning ascribed to them in proofs of claim numbers 40 and 23 filed in these cases by Goldman Sachs.

## Certificate of Service

I certify that a copy of the foregoing was furnished by facsimile and mail to Goldman Sachs Mortgage Company, c/o John B. Hutton, III, Esq., 1221 Brickell Avenue, Miami, FL 33131 and to United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 23rd day of June, 2010.

_____
Attorney

707893

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

November 6, 2003

John A. Morris
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY 10036

Gian Claudio Finizio
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Counsel for the Official Committee
of Equity Security Holders of Seitel, Inc.

Jeffrey H. Krause
Stutman, Treister & Glatt
Professional Corporation
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Michael R. Nestor
Young, Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Counsel for Ranch Capital, LLC

**Re: In re Seitel, Inc.**
      **Case No. 03-12227 (PJW)**

Dear Counsel:

          This is with respect to the Equity Committee's request

for production by Ranch Capital LLC ("Ranch") of Ranch's valuation



EXHIBIT

B

Blumberg No. 5119

analyses of the Debtors. I have reviewed the November 5, 2003 letter submission by the Equity Committee and the November 5, 2003 opposition by Ranch. Under the circumstances, I conclude that Ranch is not required to produce such valuation analyses to the Equity Committee.

There are a number of policy reasons for my position, some of which are addressed in the Delaware Chancery Court cases discussed by the parties in their written submissions. For purposes here, I will briefly comment on just two of those reasons.

It seems to me that the Equity Committee's request is tantamount to a bidder's attempt to determine the opponent's "bottom line" (and the basis therefor) in competing for the purchase of property. As long as each prospective purchaser has equal access to the information pertinent to a valuation of the property, I do not believe that one party's bottom line is appropriate for discovery by the other party. Such discovery could chill the bidding. Furthermore, with the passage of time and evolving facts and events, yesterday's bottom line may not be today's bottom line.

If this type of information were required to be disclosed, then the next logical step in discovery would be that the respective bidders internal deliberations (be they board of directors meetings, conferences with advisors, employee internal reports and analyses, etc.) would be fair game for discovery. Indeed, a Machiavellian response to this type of unlimited discovery could result in the creation of internal phony analyses

(i.e., analyses designed to mislead the opposition upon discovery of same).

An analogous situation that comes to mind is the attorney work product protection afforded in discovery. So long as both parties have equal access to the relevant underlying facts such discovery is not permitted.

Given time limitations involved here, the above comments reflect only a portion of my thinking on the subject. However, it is without reservation that I conclude that the documents are not subject to discovery.

Very truly yours,

Peter J. Walsh

PJW:ipm

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                 )     Case No.: 3:10-bk-1596
                               Chapter 11

RQB RESORT, LP and      )
RQB DEVELOPMENT, LP,

                         )

     Debtors.

_____ )

### OBJECTIONS AND RESPONSES TO
### SECOND SET OF INTERROGATORIES AND REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEBTORS
### <u>REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

RQB Resort, LP and RQB Development, LP (collectively, the "Debtors")

respond below to Goldman Sachs Mortgage Company's ("Goldman Sachs") Second

Set of Interrogatories and Request for Production of Documents to Debtors Regarding

Motion for Relief from the Automatic Stay:

### <u>General Objections</u>

The Debtors object to these interrogatories and document production requests

to the extent they require the disclosure of (i) information protected by the attorney-

client privilege, the accountant-client privilege, the work product doctrine, or any

other applicable privileges or (ii) confidential financial information absent the entry of

a confidentiality order. The responses below are subject to these general objections.

The Debtors will produce the documents identified in response to the document

requests at a mutually agreeable time and place.



EXHIBIT
C

## Specific Objections and Responses.

**Interrogatory No. 1**:      Please identify any and all documents relating or referring to the value of the Property.

Objection to Interrogatory No. 1: The Debtors object to this interrogatory as overly broad and unduly burdensome.

Answer to Interrogatory No. 1: Subject to the above objection, the appraisal dated June 7, 2010 by HVS Consulting & Valuation Services Division of Hotel Appraisals, LLC (the "HVS Appraisal").

**Interrogatory No. 2:**      Please identify any and all assets of the Debtors that You believe are not subject to the liens and mortgages in favor of GSMC, and please describe why You believe such assets are not subject to such liens and mortgages.

Answer to Interrogatory No. 2: GSMC does not have a lien on the Debtors' postpetition cash and accounts receivable derived from non-room rent except to the extent the Debtors have granted GSMC such lien in connection with the Debtors' use of cash collateral. In addition, GSMS does not have a lien on any of the cash formerly held in the prepetition Bank of America account numbers identified in the Debtors' Motion to Use Cash Collateral (D.E. No. 9) for the reasons stated in the Motion.

# DOCUMENT REQUESTS

1.     All documents relating or referring to the value of the Property.

<u>Objections to Request No. 1</u>:  The Debtors object to this document request because it is vague, there is no time reference, it is overly broad and unduly burdensome, and to the extent not relating to the current value of the Property, it is not likely to lead to the discovery of admissible evidence.

<u>Response to Request No. 1</u>:  The HVS Self Contained Appraisal Report dated June 7, 2010.

2.     All documents relating to, identified in, or otherwise supporting your answers to the above interrogatories.

<u>Response to Request No. 2</u>:  The HVS Self Contained Appraisal Report dated June 7, 2010.

As to the Objections:

SMITH HULSEY & BUSEY

By _Cynthi C. Jackon_
Cynthia C. Jackson

Florida Bar Number 0498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

As to the Responses:

RQB Resort, LP

By: _David O'H_
Its: Authorized Representative

STATE OF ~~FLORIDA~~ NORTH CAROLINA )
                                    ) ss;
COUNTY OF MECKLENBURG )

The foregoing instrument was acknowledged before me this 14th day of
_June_, 2010, by _David O'Halloran_ who is personally known to me or who
produced a driver's license as identification.

_Andrea M Aschenbrenner_
NOTARY PUBLIC, STATE OF North Carolina

My Commission Expires: 4-27-2015



4

RQB Development, LP

By: ___D O'Han___

Its: ___Authorized Representative___

STATE OF ~~FLORIDA~~ NORTH CAROLINA )
                                     ) ss:
COUNTY OF MECKLENBURG

The foregoing instrument was acknowledged before me this 14th day of June, 2010, by David O'Halloran who is personally known to me or who produced a driver's license as identification.

___Andrea M Aschenbrenner___
NOTARY PUBLIC, STATE OF North Carolina

My Commission Expires: 4-27-2015

ANDREA M. ASCHENBRENNER
NOTARY
My Comm. Exp.
4-27-2015
PUBLIC
MECKLENBURG COUNTY, N. C.

00708096

5