**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
JACKSONVILLE DIVISION

In re:                                                                                    Case No: 3:10-bk-1596

RQB RESORT, LP, and                                                       Chapter   11
RQB DEVELOPMENT, LP,
                                                                                             Jointly Administered
_____Debtors._____/

**RENEWED MOTION OF SECURED CREDITOR, GOLDMAN SACHS
MORTGAGE COMPANY, FOR ADEQUATE PROTECTION OR, IN THE
ALTERNATIVE, FOR STAY RELIEF**

**[Hearing requested for December 9, 2010]**

Secured Creditor, Goldman Sachs Mortgage Company (**"GSMC"**), respectfully moves pursuant to 11 U.S.C. § 361, 362 and 363(e) and other applicable law, to require the Debtors RQB Resort, LP and RQB Development, LP (the **"Debtors"**) to make cash payments to GSMC so as to provide adequate protection to GSMC for any decrease in value of the Sawgrass Marriott Resort (the "**Resort**" or the "**Collateral**") during the pendency of these bankruptcy proceedings or, in the alternative, for stay relief, and states in support as follows:

**PRELIMINARY STATEMENT**

1.      Based upon an appraisal provided by the Debtors to GSMC on November 19, 2010, the Debtors now contend that the value of the Sawgrass Marriott Resort has decreased by $6.6 million during the course of these bankruptcy cases, at the same time that the industry and the competitive set is experiencing a recovery. During this period of time, GSMC has not received any payments to compensate GSMC for any decline in value of its Collateral. While GSMC does not believe the value of the Resort has

declined so significantly, GSMC is entitled to compensation, in the form of cash or additional collateral, to the extent the Court finds that the Resort has decreased in value. Moreover, to the extent the Debtors are unable or unwilling to provide adequate protection, GSMC is entitled to stay relief. Based upon the grounds set forth in this Motion, GSMC is entitled to adequate protection payments, or, in the alternative, stay relief.

## I. ADEQUATE PROTECTION RELIEF

2. Section 363(e) of the Bankruptcy Code requires the court to prohibit or condition the debtor's use of estate property which secures a creditor's claim as is necessary to provide adequate protection of the creditor's security interest. *See* 11 U.S.C. § 363(e). The burden of proof on the issue of adequate protection falls on the debtor. *See In re Karl A. Neise, Inc.,* 16 B.R. 600, 601 (Bankr. S.D. Fla. 1981); *see also In re Allstar Building Products, Inc.,* 834 F2d at 899.

3. The determination of adequate protection is a fact specific inquiry to be decided on a case-by-case basis. *In re Glasstream Boats, Inc.,* 110 B.R. 611, 613 (Bankr. M.D. Ga. 1990) ("In determining whether a creditor's secured interests are [adequately protected], there must be an individual determination of that interest. . .") "Its application is left to the vagaries of each case . . . but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process." *In re Mosello*, 195 B.R. 277, 288 (Bankr. S.D.N.Y. 1996) (quoting *In re Baker Indus. Corp.,* 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986)). The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in the particular collateral

during the period of use. *See In re Club Associates*, 107 B.R. 385, 394 (Bankr. N.D. Ga. 1989); *Ridgemont Apartment Associates, Ltd. v. Atlanta English Village, Ltd.*, 110 B.R. 77, 82 (Bankr. N.D. Ga. 1989).

4. The concept of "adequate protection" under § 361 of the Bankruptcy Code was discussed at length in the early case of *In re Karl A. Neise, Inc*. In that case, the bankruptcy court explained, "what constitutes adequate protection varies with the facts and circumstances of each particular case, and this Court has discretion to determine what form of protection reflects the spirit and intent of § 361 as follows:

> Clearly, however, the purpose of § 361 is to insulate the interest of a secured creditor in a debtor's property from diminution of value resulting from the delay in enforcing its rights occasioned by a debtor's need for time to work out its problems and reorganize its business under the protection of the automatic stay described by 11 U.S.C. § 362. Thus, the purpose of adequate protection is not to protect the secured creditor from loss per se, but to maintain the status quo and prevent additional loss to delay after a debtor files its petition in this Court.

*Id.* at 601. (*citing In re Alyucan Interstate Corp.*, 12 B.R. 803, 808-09 (Bankr. D. Utah 1981).

5. Accordingly, the Debtors must make adequate protection payments to GSMC to compensate GSMC for the entire loss in market value of the Resort during the pendency of this bankruptcy proceeding. *United Savings Association v. Timbers of Inwood Forest Assocs,* 484 U.S. 365, 370 (1988) ("it is agreed that if the apartment project in this case had been declining in value petitioner would have been entitled to, under § 362(d)(1), to cash payments or additional security in the amount of the decline, as § 361 describes"); *In re Delta Resources, Inc.*, 54 F.3d 722, 730 (11th Cir. 1995) ("we

hold that an oversecured creditor's interest in property which must be adequately protected encompasses the decline in value of the collateral").

## II. STAY RELIEF

6. To the extent that the Debtors fail to provide adequate protection payments to fully compensate GSMC for any decrease in the value of the Collateral during these cases, GSMC seeks stay relief under Section 362(d)(1), for cause, which includes the "the lack of adequate protection of an interest in property."

WHEREFORE, GSMC respectfully requests entry of an order granting adequate protection to GSMC, in the form of an immediate cash payment sufficient to compensate GSMC for any decline in the value of the Property during these bankruptcy cases, or in the alternative, granting stay relief, and granting such other further relief as the Court deems appropriate.

Dated November 24, 2008.

        GREENBERG TRAURIG, P.A.
        Attorneys for Goldman Sachs Mortgage Company
        333 Avenue of the Americas, Suite 4400
        Miami, Florida 33131
        Telephone: (305) 579-0500
        Facsimile: (305) 579-0717


        By:    /s/ John B. Hutton
             JOHN B. HUTTON
             Florida Bar No. 902160
             huttonj@gtlaw.com
             SCOTT M. GROSSMAN
             Florida Bar No. 0176702
             grossmansm@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John B. Hutton<br>JOHN B. HUTTON

## SERVICE LIST

**Mailing Information for Case 3:10-bk-01596-PMG**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- Lindsey C. Brock    brock@rumrelllaw.com
- Betsy C Cox    bcox@rtlaw.com, aruff@rtlaw.com
- Gardner F. Davis    gdavis@foley.com, khall@foley.com;dpbarnes@foley.com;jwolfel@foley.com
- John B Hutton    huttonj@gtlaw.com, thompsonc@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Cynthia C. Jackson    cjackson@smithhulsey.com, tcopeland@smithhulsey.com;kgammill@smithhulsey.com
- Ari Newman    newmanar@gtlaw.com, miaecfbky@gtlaw.com
- Miriam G Suarez    Miriam.G.Suarez@usdoj.gov
- United States Trustee - JAX 11    USTP.Region21.OR.ECF@usdoj.gov
- Alan M. Weiss    alan.weiss@hklaw.com

**Manual Notice List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

Jeffrey Gilbert
Greenberg Traurig, P.A.
401 East Las Olas Boulevard
Suite 2000
Ft. Lauderdale, FL 33301

Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202

Karen Lee Turner
Eckert Seamans Cherrin & Mellott, LLC
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102

John J. Wolfel
PO Box 240
Jacksonville, FL 32201-0240

MIA 181,564,570v2 11-24-10